## James W. Fitch *vs.* Daniel S. Workman.

When an assignee, under *St. 1836, c.* 238, has in his hands assets of the assignor, more than sufficient to pay, in full, all the creditors who executed the assignment, and declares a dividend to all those creditors, and pays all of them, but one, in full, and pays over a surplus to the assignor, he is liable to the creditor whom he does not pay, in an action for money had and received.

Indebitatus assumpsit for money had and received.

At the trial in the court of common pleas, before *Cushing*, J. it appeared that Sidney S. Workman duly assigned his property to the defendant and Thomas Shearer, under *St.* 1836,

*c.* 238, for the benefit of his creditors; that the defendant became party to said assignment, as assignee, and assumed the trust, and that the plaintiff became party thereto, as creditor; that there were assets of the said Sidney S., in the hands of said assignees, more than sufficient to pay all the creditors of said Sidney S., who became parties to said assignment; that said assignees declared a dividend upon the estate of said Sidney S., before this action was commenced, and paid all his creditors under said assignment, except the plaintiff, in full; that there was a surplus, in said assignees' hands, of about $400, which they paid over to said Sidney S.; and that they reconveyed to him real estate of considerable value.

It further appeared that a dividend was declared to the plaintiff, under said assignment, and that it had not been paid to him; that he demanded the same of the defendant, before this action was brought, the said Shearer, the other assignee having died before said demand was made.

' The court ruled that the foregoing facts did not support this action; and that the plaintiff's only remedy was under § 7 of *c.* 238 of *St.* 1836, by petition or other application to the supreme judicial court. To this ruling the plaintiff alleged exceptions.

*Brainard,* for the plaintiff, cited 2 Stark. Ev. 95, and 1 U. S. Digest, Assumpsit, VI.

*Devens,* for the defendant, cited *Shattuck* v. *Freeman,* 1 Met 15, and *Dedham Bank* v. *Richards,* 2 Met. 105.

DEWEY, J. The question raised in this case is, whether an action of indebitatus assumpsit for money had and received may be maintained upon the facts here stated. The only liability of the defendant arises from the receipt of money, the avails of certain property assigned to him, under the provisions of *St.* 1836, *c.* 238. It is insisted by the defendant, that the only remedy for the plaintiff is by a bill in equity, or petition, under the provisions of § 7 of that statute. The course of argument is, that where new rights or liabilities are created by statute, and a remedy is therein prescribed, the mode thus prescribed is the proper and the only remedy to enforce

claims arising under the statute. Without questioning the general principle thus stated, the case before us presents a state of facts which will authorize a recovery by the plaintiff. Under a different state of facts, a proceeding under § 7, or by a bill in equity, might be the appropriate remedy for enforcing a settlement of the account of the assignee and a distribution of the assets among the creditors. Such form of proceeding would be requisite to compel the assignee to collect the assets, and render the same available, or to settle the conflicting claims of creditors, and adjust the respective amounts to be paid to each. But this case presents the unusual result of a solvent estate in the hands of an assignee, thereby enabling him to pay to the creditors their entire demands, and an actual payment of all other creditors but the plaintiff, and a surplus paid to the debtor. Upon this state of facts, the parties in interest are reduced to the plaintiff and defendant. The assignee has properly closed the concerns of the debtor, and made the assets available in cash ; and no other duty remains but that of paying over to the plaintiff the amount of his demand. Under these circumstances, we think the defendant held this money for the use of the plaintiff; and that as payment of the same has been refused, after a demand therefor, this action may be maintained.

*New trial granted.*